UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Fengxian Chendian Electronic Commerce Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> The Partnerships and Unincorporated Associations Identified on Schedule A, <br><br> Defendants. | Case No. 25-cv-5380 <br><br> Judge Sunil R. Harjani |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff filed a Motion for Entry of a Preliminary Injunction [31] against the sole remaining fully interactive, e-commerce store[1] operating under the seller alias identified in Schedule A to the 1st Amended Complaint and attached hereto ("Defendant") and using at least the domain name identified in Amended Schedule A (the "Defendant Domain Name") and the online marketplace accounts identified in Amended Schedule A (the "Online Marketplace"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendant in accordance with the Temporary Restraining Order entered June 11, 2025, [23] ("TRO") and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendant because Defendant directly targets its business activities toward

---

[1] The e-commerce store URL is listed on Schedule A hereto under the Online Marketplaces.

consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products infringing Plaintiff's federally registered trademark (U.S. Trademark Reg. No. 7,649,725; "the '725 Trademark") and copyright (U.S. Copyright Reg. No. VA0002356112; "the '112 Copyright") to residents of Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because Plaintiff has shown (1) valid ownership of the '112 Copyright; and (2) Defendant has copied original elements of the copyrighted work. Plaintiff has further proved a *prima facie* case of trademark infringement by showing that (1) the '725 Trademark is a distinctive mark and is registered with the U.S. Patent and Trademark Office on the Principal Register; (2) Defendant is not licensed or authorized to use the '725 Trademark; and (3) that Defendant's use of the mark is likely to cause confusion among consumers. Furthermore, Defendant's continued and unauthorized manufacture, use, selling, and/or offering to sell the infringing products irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is

served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. Accordingly, this Court orders that:

1. Defendant, its affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be enjoined and restrained from:

    a. making, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing products;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the infringing products; and

    c. effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in Subparagraphs (a) and (b).

2. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendant, or in connection with any of Defendant's Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Walmart, Inc. ("Walmart"), Target Corp. ("Target"), Temu, and other websites (collectively, the "Third Party Providers") shall, within ten (10) business days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

    a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including

          b.      all known contact information and all associated e-mail addresses;

          b.      the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplace, and Defendant's financial accounts, including Defendant's sales and listing history related to its Online Marketplace; and

          c.      any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Walmart, Target, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard, VISA, Discover, and American Express).

3. Upon Plaintiff's request, those with notice of this Order, including Third Party Providers as defined in Paragraph 2, shall, within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of the infringing products.

4. Defendant shall be restrained and enjoined from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

5. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Walmart, Target, and Amazon Pay, shall, within ten (10) business days of receipt of this

       Order:

          a.    locate all accounts and funds connected to Defendant's Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto or any e-mail addresses provided for Defendant by third parties; and

          b.    restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further ordered by this Court.

6.    Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

          a.    the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses; and

          b.    the nature of Defendant's operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces, and Defendant's financial accounts, as well as providing a full accounting of Defendant's sales and listing history related to its Online Marketplaces.

7.    Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendant shall respond to any such discovery requests within ten (10) business days of being served via e-mail.

8.    Schedule A to the Complaint [2], Schedule A-1 to the Complaint [3], Schedule A-2 to the Complaint [4], Schedule A to the 1st Amended Complaint [18], Schedule A-1 to the 1st Amended Complaint [19], Schedule A-2 to the 1st Amended Complaint [20], and the TRO

[23] are unsealed.

9. The $5,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

10. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

SO ORDERED:

_____
Sunil R. Harjani
United States District Judge

Dated: July 8, 2025

**Fengxian Chendian Electronic Commerce Co., Ltd. v. The Partnerships et al.**

**Amended Schedule A**

| Platform | Merchant Name | Merchant ID | Merchant Country | Product ID | Product URL |
|---|---|---|---|---|---|
| Temu | Double A Card Game | 634418213283460 | China | 601099554306435 | https://temu.com/co-en/40-date-ideas-for-couples-date-night-unique-scratch-off-date-night-card-games-with-adventure-photo-album-book-romantic-newlywed-and-wedding-anniversary-couples-gifts-g-601099554306435.html |